Jerome P. BROWN, Trustee of the New England Health Care Employees Welfare Fund

v.

HEALTH CARE & RETIREMENT CORPORATION OF AMERICA.

Civ. No. 2:91–cv–00630 (PCD).

United States District Court, D. Connecticut.

July 7, 1992.

John M. Creane, Law Firm of John Creane, Milford, CT, for plaintiff.

Gerald L. Garlick, Linda Clifford Hadley, Herman D. Leventhal, Leventhal, Krasow & Roos, Pc, Hartford, CT, for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff Jerome P. Brown, Trustee of the New England Health Care Employees Welfare Fund, brings this action pursuant to 29 U.S.C. § 1145, *et seq.* ("ERISA") for unpaid contributions by defendant, Health Care & Retirement Corporation of America, an employer under ERISA. Plaintiff moves for summary judgment.

*Background*

Plaintiff alleges that, by virtue of a collective bargaining agreement, defendant is obligated to make monthly payments of stated percentages of the previous month's gross payroll for employees covered by the collective bargaining agreement. Complaint ¶ 3. Plaintiff contends that defendant has failed to submit monthly payroll reports and to make monthly contributions on behalf of its employees who work twenty hours a week or more, as required by the express terms of the collective bargaining agreement, since June 1989. Complaint ¶ 6. Defendant ar-

gues that it has made the required payments; alternately, defendant suggests the agreement was modified by plaintiff and that, to the extent the court finds that these payments should have been calculated differently, defendant has overpaid since June 1989 and is thus entitled to a set-off. First and Second Special Defenses.

*Discussion*

■ Motions for summary judgment involve a determination as to whether there exists any genuine issue of material fact. That standard is articulated more fully in *Cote v. Durham*, 754 F.Supp. 18 (D.Conn. 1991).

Plaintiff alleges that the express terms of the employer's collective bargaining agreement with the sponsoring union oblige defendant to contribute to the fund. That agreement provides, in pertinent part:

> The employer's contribution shall consist of a sum equal to twelve and one half percent of gross payroll of all Employees who worked 20 hours per week or more, exclusive of amounts earned by the Employees during the first two months following the beginning of their employment.

Plaintiff's Memorandum at 2. Defendant contends that in June of 1989, it notified plaintiff's administrator, William Morico, that its previous method of calculating contributions to the fund, whereby it contributed for all employees, had been erroneous, and that it was now making contributions only for those employees who were scheduled to work twenty hours or more. Defendant argues that plaintiff's interpretation of the agreement, requiring defendant to contribute to the fund based on the number of hours actually worked, is inaccurate. Defendant further suggests that even if plaintiff's construction of the agreement were assumed to be true, defendant prior to June 1989 contributed to the fund on behalf of employees who actually worked less that twenty hours per week thereby overpaying.

■ It is well established that, under ERISA, a fund is entitled to rely on and to enforce the written terms of the collective bargaining agreement. *See Bituminous Coal Operators' Ass'n v. Connors*, 867 F.2d 625 (D.C.Cir.1989). Notwithstanding defendant's claim that the terms of the contract had been modified by plaintiff's acceptance of defendant's contributions beginning in June 1989 or that defendant orally notified plaintiff's administrator of its intention to modify the agreement, the agreement was never formally modified nor were such modifications ever consented to by the union, the original party with whom the agreement was bargained and the only party with standing to modify its terms. In the absence of such an amendment to the agreement and consent by the sponsoring union, defendant was bound to comply with the express, unambiguous terms of the agreement calling for contributions by employees who work twenty hours or more per week.

■ Moreover, defendant's contention that it is entitled to an off-set of delinquent funds due to earlier overpayments is unavailing. The Second Circuit has noted that ERISA "[n]either commands nor precludes the payment of refunds, it merely *permits* the return of contributions mistakenly made. The statute does not say that payments made under mistake of fact will necessarily be returned." *Dumac Forestry Services, Inc. v. IBEW*, 814 F.2d 79 (2d Cir.1987). Here, defendant apparently does not dispute that it never made any demand on the fund for a set-off or return of overpaid contributions until plaintiff filed the instant action. In consequence, until the terms of the agreement are formally renegotiated through the collective bargaining process with the sponsoring union, defendant is bound by its express terms with which, in this instance, it has failed to comply. Accordingly, plaintiff's motion for summary judgment is granted.

*Conclusion*

For the foregoing reasons, plaintiff's motion for summary judgment (document # 19) is granted.

SO ORDERED.